# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| LOUIS W. CARBINS, SR. | CIVIL ACTION NO. 06-0677 |
|---|---|
| VS. | SECTION P |
| CORNEL HUBERT, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

## ORDER

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on April 24, 2006 by *pro se* petitioner Louis W. Carbins, Sr. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Hunt Correctional Center, St. Gabriel, Louisiana where he is serving sentences totaling 18 years imposed following his September 2000 convictions on charges of aggravated battery and distribution and possession of cocaine in the Sixteenth Judicial District Court, St. Mary Parish.

On June 9, 2006, the undersigned ordered petitioner to amend his complaint to provide (1) a copy of his brief on appeal to the First Circuit Court of Appeals and a copy of the First Circuit's unpublished opinion in the matter *State of Louisiana v. Louis W. Carbins, Sr.*, 2001-2403 (La. App. 1 Cir. 6/21/2002), 826 So.2d 1198 (Table); (2) a dated copy of his Application for Post Conviction Relief filed in the Sixteenth Judicial District Court and a dated copy of the Trial Court's judgment and/or Reasons for Judgment denying relief; (3) a dated copy of his application for writs filed in the First Circuit Court of Appeals under Docket Number 2003-KW-1513 and a dated copy of the First Circuit's judgment denying writs; and, (4) A dated copy of his application for writs in the Louisiana Supreme Court in the matter entitled *State of Louisiana ex*

*rel. Louis W. Carbins, Sr. v. State of Louisiana*, 2005-1816 (La. 3/24/2006), 925 So.2d 1220. The order also advised petitioner that should he be unable to produce the documents he was to notify the court in writing prior to the expiration of the forty-day time limit and to specifically detail each claim raised in each pleading and to provide the specific dates requested above. [see doc. 4]

On June 30, 2006 the Clerk of Court received an unresponsive letter from the petitioner. Petitioner asked the Clerk "... to stay in abeyance so that I can bring fourth [sic] all my issues of my case to the light." Petitioner further indicated that he was in the process of requesting the files of the District Attorney and the Morgan City, Louisiana Police Department. [doc. 6]

On August 16, 2006 the undersigned advised petitioner that his continued failure to comply with the June 9, 2006 order would result in the dismissal of his petition. [doc. 5]

On August 30, 2006 petitioner again submitted a letter to the Clerk of Court which stated in part, "I Louis W. Carbins did seek Public Records Request ... from District Attorney's Office ... on date 6/27/06..." Enclosed with this letter was a copy of petitioner's Public Records Request sent to the District Attorney of the Sixteenth Judicial District on June 27, 2006. In that letter petitioner requested a copy of the bill of information, police reports, transcripts and court minutes, pre-sentence investigation report, witness statements, the District Attorney file, finger prints, and physical evidence retrieved from the crime scene. Petitioner also submitted a copy of his June 27, 2006 letter to the Clerk of Court which requested "stay and abeyance." [doc. 7]

Petitioner has still not complied with the June 9, 2006 order to amend. He contends that he is entitled to a stay of these proceedings pending the District Attorney's compliance with his June 27, 2006 Public Records request. However, it is clear that the records he seeks from the

District Attorney are irrelevant to the pending proceedings. The undersigned is attempting to complete an initial review of this *habeas corpus* petition to determine whether or not the pleading was filed within the period of limitations established by 28 U.S.C. §2244(d); whether or not available state court remedies were exhausted as mandated by 28 U.S.C. §2254(b) and the jurisprudence; and, whether or not any of petitioner's federal claims were dismissed as procedurally defaulted by the courts of Louisiana. The documents sought by the petitioner will not assist in the resolution of those issues. Therefore,

Petitioner's Motion for Stay and Abeyance [doc. 6] is **DENIED;** and,

**IT IS FURTHER ORDERED THAT** petitioner amend his pleading within forty (40) days of this order and provide:

1. A copy of his brief on appeal to the First Circuit Court of Appeals and a copy of the First Circuit's unpublished opinion in the matter *State of Louisiana v. Louis W. Carbins, Sr.*, 2001-2403 (La. App. 1 Cir. 6/21/2002), 826 So.2d 1198 (Table); petitioner should state whether or not he sought further direct review of the Court of Appeals' judgment by filing a writ application in the Louisiana Supreme Court. (As stated above, review of the published jurisprudence suggest that petitioner did **NOT** seek further direct review. In the event that petitioner contends that he did seek such review, he should provide a **dated** copy of his writ application and a copy of the Louisiana Supreme Court's judgment denying writs.)

2. A **dated** copy of his Application for Post Conviction Relief filed in the Sixteenth Judicial District Court and a **dated** copy of the Trial Court's judgment and/or Reasons for Judgment denying relief;

3. A **dated** copy of his application for writs filed in the First Circuit Court of Appeals

under Docket Number 2003-KW-1513 and a **dated** copy of the First Circuit's judgment denying writs;

4. A **dated** copy of his application for writs in the Louisiana Supreme Court in the matter entitled *State of Louisiana ex rel. Louis W. Carbins, Sr. v. State of Louisiana*, 2005-1816 (La. 3/24/2006), 925 So.2d 1220.

**IT IS FURTHER ORDERED** that in the event petitioner is unable to provide the documents set forth above, petitioner is to notify the court in writing prior to the expiration of the time limit set forth above; in such event, petitioner is to <u>specifically detail each claim</u> raised in each pleading <u>and to provide the specific dates requested above</u>.

In the event that any of petitioner's claims were the subject of a procedural default in either the Sixteenth Judicial District Court or the First Circuit Court of Appeals,

**IT IS FURTHER ORDERED** that petitioner submit to the Clerk of Court, within forty (40) days of the filing of this order, a response demonstrating that federal *habeas* review of Claim II is not barred by the procedural default doctrine, e.g. facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in petitioner's case. Petitioner may attach any and all documentation which he chooses to his response.

Signed at Lafayette, Louisiana, on September 15, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)